IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAROLD JEFFREY STEWART #A01359  :
:
    Plaintiff  :
:
    v.  :    Civil Action No. PJM-07-1265
:
STATE OF MARYLAND, et al  :

. . . . . . .o0o. . . . . . .

**MEMORANDUM OPINION**

This is a pro se prisoner civil rights complaint filed pursuant to 42 U.S.C. §1983. Plaintiff, who is confined in the Prince George's County Detention Center, seeks damages, lost wages "constitutional relief based on proven 'trier of facts'"[1] against defendants the State of Maryland, the State's Attorney's Office of Prince George's County, Glen Ivey, State's Attorney for Prince George's County, Mary K. Brennan, and Francis Longwell.[2]

Plaintiff has neither paid the civil filing fee nor requested to proceed in forma pauperis in this action. The Court will, however, grant him leave to proceed in forma pauperis for the limited purpose of preliminary review. As such, his claims will be reviewed pursuant to 28 U.S.C. § 1915A. This provision requires courts to screen civil actions brought by prisoners, and dismiss complaints which fail to state a claim upon which relief may be granted.

**Analysis**

---

[1] If it is Stewart's intent to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he may not do so unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus filed under 28 U.S.C. § 2254. *See Heck v Humphrey*, 512 U.S. 477, 486-7 (1994).

[2] Plaintiff does not identify the individual defendants. The Court takes judicial notice however, that Glenn Ivey is State's Attorney of Prince George's County.

Plaintiff claims that the Prince George's County States Attorney's Office has "participated, waged and maintained unconstitutional and unethical practices of flagrant pre-meditated prosecutorial misconduct" and has deprived him of his due process  The Court accepts as true all well-pleaded allegations of fact and views them in the light most favorable to plaintiff. *See Jenkins v. McKeithen,* 395 U.S. 411, 421-22 (1969). This does not mean, however, that the Court can ignore a clear failure in the complaint to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 390-91 (4th Cir.1990). Where, as here, the Complaint is devoid of any factual predicate, dismissal without prejudice is appropriate.

Additionally, principles of immunity warrant dismissal of this action. Insofar as Stewart brings this action against the State of Maryland, the Eleventh Amendment to the Constitution bars suits against the State unless the State has waived that immunity or Congress has exercised its power to abrogate the State's immunity. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98 (1989). "[U]nder the Eleventh Amendment to the United States Constitution, a state... is immune from suits in federal court brought by its citizens or the citizen of another state unless it consents." *Dixon v. Baltimore City Police Department*, 345 F. Supp. 2d. 512, 513 (D. Md. 2003). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code, Ann., State Gov't §12-101, *et seq,* it has not waived its Eleventh Amendment immunity to suit in federal court. Similarly, the State's Attorney's Office, absent waiver of immunity, is entitled to protection from suit in federal court.

"An official capacity claim against a government employee is, in effect a claim against the governmental unit." *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995). To the extent Defendants Longwell and Brennan are state officials acting in their official capacities, damage claims against them are barred by the Eleventh Amendment. The Supreme Court has held that the "' federal court's

2

remedial power consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief... and may not include a retroactive award which requires the payment of funds from the state treasury.'" *Quern v. Jordan*, 440 U.S. 332, 3389 (1979) (citing *Edelman v. Jordan,* 415 U.S. 651, 677 (1974). Further, "[a]n unconsenting state enjoys Eleventh Amendment protection against a private party's suit for damages. It is equally well settled that any arm of the state is protected by such immunity. In *Lowery v. Prince Georges County*, 960 F. Supp. 952 (D. Md. 1997), this Court examined the status of the State's Attorney for the City of Baltimore and held "[t]here can be no doubt that the State's Attorneys and their state are entitled to Eleventh Amendment immunity."  The analysis applies equally to the State's Attorney for Prince George's County.

## Conclusion

The court will dismiss the Complaint without prejudice pursuant 28 U.S.C. § 1915A.  An Order consistent with this Memorandum Opinion follows.

Date: 6/18/07

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE